IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01102-BNB

CHARLES R. STROUD,

     Applicant,

v.

LARRY REID, Acting Executive Director, Deputy Director,

     Respondent.

_____

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

_____

     Applicant, Charles R. Stroud, alleges that he currently is on parole.  He has filed *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) and has paid the $5.00 filing fee for a habeas corpus action.

     The Court must construe the application liberally because Mr. Stroud is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Stroud will be ordered to file an amended application.

     Mr. Stroud has failed to use all pages of the Court-approved form for filing a habeas corpus action, making his asserted claims and whether they are exhausted unclear.  He postures what appears to be his one asserted claim as a "[c]hallenge to the execution of a state sentence enhancement and continuing illegal detention in violation of the United States Constitution."  ECF No. 1 at 2.  However, in the supporting

allegations, he appears to be asserting claims pursuant to 28 U.S.C. § 2254.

Mr. Stroud alleges that on November 4, 1991, he pleaded guilty in El Paso County, Colorado, district court Case No. 90CR3148 to second-degree kidnapping, a class-four felony, and to two habitual criminal counts, and was sentenced to fifty years of incarceration in the DOC. He contends that habitual criminal count ten was enhanced by a prior felony conviction (No J-0527) in Wisconsin on November 30, 1977, and habitual criminal count eleven was enhanced by a prior felony conviction (No. 82CR1) in Colorado on March 23, 1982. He maintains that the Wisconsin prior felony conviction used to enhance his current sentence was outside the ten-year limitation period allowed by the former Colo. Rev. Stat. § 16-13-101(1) and, therefore, was used illegally to enhance his sixteen-year sentence. Mr. Stroud fails to make clear how this sixteen-year sentence corresponds to the fifty-year sentenced he received in Case No. 90CR3148, but it appears the sixteen-year sentence was only for the class-four felony conviction for second-degree kidnapping. He also contends he was illegally detained beyond the sixteen-year sentence. He asks for his release from custody as relief.

Claims under § 2254 challenge the fact of an offender's state conviction or sentence; by contrast, claims asserted under § 2241 challenge the execution of an inmate's sentence. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, . . . [while] § 2254 habeas and § 2255 proceedings, . . . are used to collaterally attack the validity of a conviction and sentence.").

Although he apparently does not agree, Mr. Stroud currently asserts § 2254 claims. He will be directed either to file on the Court-approved form an amended

2

habeas corpus application pursuant to § 2241 that attacks only the execution of his sentence, or an amended habeas corpus application pursuant to § 2254 that challenges only the validity of his conviction and sentence.

The amended application must comply with the pleading requirements for a habeas corpus application. Pleading in § 2254 federal habeas corpus cases is governed by Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts (Section 2254 Rules) which requires more specific pleading than the rules governing ordinary civil cases. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (Notice pleading is not sufficient; the petition is expected to state facts that point to "a real possibility of constitutional error."); *Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970) (same); *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (Section 2254 Rule 2(c), which is more demanding than Rule 8(a) of the Federal Rules of Civil Procedure, requires the petition to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."). Rule 1(b) of the Section 2254 Rules apply the Section 2254 Rules to § 2241 applications as well.

However, the Federal Rules of Civil Procedure do apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(4); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the basis for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the

3

emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

As previously stated, Mr. Stroud will be directed to file an amended application on the proper, Court-approved form asserting exhausted claims that comply with the pleading requirements of Rule 2(c) of the Section 2254 Rules and Fed. R. Civ. P. 8. Failure to do so within the time allowed will result in the dismissal of the instant action.

Accordingly, it is

ORDERED that Applicant, Charles R. Stroud, is directed **within thirty (30) days from the date of this order** either to file an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that asserts only claims attacking the execution of his sentence, or an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 that challenges only the validity of his conviction and sentence.  It is

FURTHER ORDERED that Mr. Stroud shall obtain the proper, Court-approved form, along with the applicable instructions, at www.cod.uscourts.gov, and use all pages of that form in submitting the amended application.  It is

FURTHER ORDERED that, if Mr. Stroud fails to comply with this order within the time allowed, the application will be denied and the action dismissed without further notice.

DATED April 29, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge