IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01102-BNB

CHARLES R. STROUD,

Applicant,

v.

RODGER WERHOLTZ, Interim Executive Director, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Charles R. Stroud, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who is incarcerated at the correctional facility in Buena Vista, Colorado. Mr. Stroud initiated this action by filing *pro se* on April 24, 2013, an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). On May 30, 2013, Mr. Stroud filed an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 5) after being ordered to do so. He is challenging the validity of his Colorado conviction in El Paso County District Court Case No. 90CR3148. Mr. Stroud paid the $5.00 filing fee for a habeas corpus action.

On July 8, 2013, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). ECF No. 6. On July 25, 2013, Respondents submitted their pre-answer response (ECF No. 9). On September 6, 2013, after being granted an extension of

time, Mr. Stroud filed a reply (ECF No. 12) to the pre-answer response.

The Court must construe Mr. Stroud's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Mr. Stroud pleaded guilty to second-degree kidnapping and two counts of habitual criminal. ECF No. 9, ex. I (*People v. Stroud*, No. 96CA1256 (Colo. Ct. App. July 24, 1997)) at 2. On November 4, 1991, the trial court sentenced him to fifty years of imprisonment in the DOC. ECF No. 9, ex. A (state court register) at 14-15. Mr. Stroud did not appeal directly from his judgment of conviction or sentence.

On June 12, 1995, Mr. Stroud filed a motion to correct illegal sentence. ECF No. 9, ex. A at 10. The trial court denied the motion, and the Colorado Court of Appeals affirmed. ECF No. 9, ex. I (*People v. Stroud*, No. 96CA1256 (Colo. Ct. App. July 24, 1997)). On March 2, 1998, the Colorado Supreme Court denied certiorari review. ECF No. 9, ex. K.

On May 18, 1998, Mr. Stroud filed a motion for reduction of sentence which the trial court denied on June 9, 1998. ECF No. 9, ex. A at 7-8. He did not appeal.

On September 3, 2003, Mr. Stroud filed a motion for release of evidence and property. Proceedings pertinent to that motion appear to have been concluded in April 2005. ECF No. 9, ex. A at 6-7.

In August 2008, Mr. Stroud began filing a series of motions for postconviction relief. On August 18, 2008, he filed motions for appointment of conflict-free counsel

and to conduct the plea withdrawal hearing by telephone or video conference. ECF No. 9, ex. A at 6. The register of actions does not reflect the filing of a substantive motion for relief, but on September 10, 2008, the trial court issued an order denying Mr. Stroud's motion for postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. ECF No. 9, ex. A at 6. Mr. Stroud did not appeal.

On October 23, 2008, Mr. Stroud filed a motion to correct illegal sentence which the trial court denied on November 6, 2008. ECF No. 9, ex. A at 6. Mr. Stroud did not appeal.

On December 1, 2009, Mr. Stroud filed a state petition for writ of habeas corpus. ECF No. 9, ex. A at 5-6; ex. B. On January 8, 2010, he filed a motion challenging the trial court's jurisdiction to litigate his habeas corpus petition in the criminal action. ECF No. 9, ex. A at 5. On the same date, he initiated a separate action for declaratory relief challenging the department of corrections' designation of him as a sex offender. ECF No. 9, ex. C at 5; ex. D. On March 17, 2010, the trial court granted Mr. Stroud's jurisdiction motion and transferred the petition to the state habeas case. ECF No. 9, ex. A at 5. The state habeas corpus court ultimately denied declaratory relief but does not appear to have ruled on his state habeas corpus petition. ECF No. 9, ex. E. On July 30, 2012, the Colorado Supreme Court affirmed the state habeas corpus ruling. ECF No. 9, ex. F.

On April 24, 2013, Mr. Stroud filed an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in this Court. ECF No. 1. Pursuant to this Court's order of May 30, 2013 (ECF No. 4), he filed an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 5) raising the single claim that his

sentence violates due process and equal protection because one of his prior convictions does not meet the requirements of Colorado's habitual criminal statute.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In the instant action, Mr. Stroud pleaded guilty and was sentenced in 1991, prior

to April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). Consequently, the one-year limitation period began to run on April 24, 1996, when AEDPA went into effect, and is tolled during the time a properly filed state motion for postconviction relief is pending. *See* § 2244(d)(2); *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

The Court next must determine whether any of Mr. Stroud's state court postconviction proceedings tolled the one-year limitation period. Pursuant to § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

The issue of whether a post-conviction motion is pending is a matter of federal law, but "does require some inquiry into relevant state procedural laws." *Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore,

"regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

The motion to correct illegal sentence Mr. Stroud filed on June 12, 1995, was pending and tolled the one-year limitations period until March 2, 1998, when the Colorado Supreme Court denied certiorari review. The limitations period began to run the following day, March 3, 1998, and continued unabated until it expired a year later on March 3, 1999. *See United States v. Hurst*, 322 F.3d 1256, 1259-61 (10th Cir. 2003) (one-year limitations period ends on the one-year anniversary of the date upon which the period began to run).

Mr. Stroud's motion for reduction of sentence did not toll the limitations period. Mr. Stroud had until March 3, 1992, to file the motion in a timely manner, i.e., 120 days after he was sentenced on November 4, 1991. *See* Colo. R. Crim. P. 35(b) (2011) (subsequently amended and adopted December 14, 2011, effective July 1, 2012, to allow 126 days for filing). He filed the motion on May 18, 1998, more than six years out of time. Regardless of whether the trial court reached the merits of the motion, the motion was not properly filed for purposes of the AEDPA limitations period. *See Gibson*, 232 F.3d at 805-06.

Even if Mr. Stroud's motion for reduction of sentence had tolled the limitations period, it did so only for 68 days, from May 18, 1998, when he filed the motion, until July 24, 1998, when the forty-five days expired to appeal the trial court's denial of June 9, 1998. *See* Colo. App. R. 4(b) (2011) (subsequently amended and adopted December 14, 2011, effective July 1, 2012, to allow forty-nine days for appeal). More than ten

years elapsed until Mr. Stroud filed his next motion for postconviction relief, excluding the 2005 proceeding which did not constitute an attack on his conviction, but rather sought only the release of evidence and property. ECF No. 9, ex. A at 6-7.

None of Mr. Stroud's subsequent postconviction motions tolled the limitations period because it expired before he filed the motions. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."). Therefore, the application is untimely.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Generally, equitable tolling is appropriate if the applicant shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the applicant must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Equitable tolling also may be appropriate if the applicant actually is innocent. *See Gibson*, 232 F.3d at 808. An actual innocence argument "is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court" in *Schlup v. Delo*, 513 U.S. 298 (1995), and *Coleman v. Thompson*, 501 U.S. 722 (1991). Therefore, in the rare and extraordinary case in which a habeas applicant can

demonstrate equitable tolling is appropriate on actual innocence grounds, the applicant is not required to demonstrate he diligently pursued the actual innocence claim. *See Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010). However, to be credible, a claim of actual innocence requires an applicant "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. The applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*. at 327. The Court emphasizes that a "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Id.* at 324. Mr. Stroud's ignorance of the law does not justify the extraordinary remedy of equitable tolling. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Hallcy v. Milyard*, 387 F. App'x 858, 860 (10th Cir. 2010).

Mr. Stroud fails to assert any reason for this Court to toll the one-year limitation period. Therefore, under § 2244(d), Mr. Stroud is time-barred from filing a federal habeas corpus action in this Court. Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Stroud has exhausted state court remedies or procedurally defaulted his claim.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Stroud files a notice of appeal he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this 3rd day of December, 2013.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court